IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Heidi Tolles, | ) | Civil Action No. 3:18-cv-03227-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT CORPORATE** |
| Corporate Solutions, LLC, and University of South Carolina, | ) | **SOLUTIONS, LLC'S ANSWER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Reserving all rights and remedies available to it, Defendant Corporate Solutions, LLC ("CSL" or "Defendant") hereby answers Plaintiff Heidi Tolles' ("Plaintiff" or "Tolles") Complaint as follows:

## GENERAL DENIAL

Each and every allegation of the Complaint is expressly denied unless specifically admitted, qualified, or explained herein.

## FOR A FIRST DEFENSE

1. Upon information and belief, Defendant admits Paragraph 1.

2. Defendant admits Paragraph 2.

3. Upon information and belief, Defendant admits Paragraph 3.

4. Defendant denies Paragraph 4.

5. Paragraph 5 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 5.

6. Paragraph 6 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 6.

1

2

7. Responding to Paragraph 7, Defendant incorporates in prior responses as if restated verbatim herein.

8. Responding to Paragraph 8, Defendant admits so much of Paragraph 8 as alleges Plaintiff was a Program Manager. Defendant denies all remaining allegations contained in Paragraph 8.

9. Paragraph 9 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 9.

10. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 and, therefore, denies those allegations.

11. Responding to Paragraph 11, Defendant admits so much of Paragraph 11 as alleges Plaintiff took FMLA leave. Defendant denies all remainings allegation contained in Paragraph 11.

12. Paragraph 12 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 12.

13. Defendant denies Paragraph 13.

14. Responding to Paragraph 14, Defendant admits so much of Paragraph 14 as alleges Plaintiff returned to work in June 2018. Defendant lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 14 and, therefore, denies those allegations.

15. Defendant denies Paragraph 15.

16. Defendant denies Paragraph 16.

17. Defendant denies Paragraph 17.

18. Defendant denies Paragraph 18.

19. Defendant denies Paragraph 19.

FPDOCS 34780342.1

3

20. Defendant denies Paragraph 20.

21. Defendant denies Paragraph 21.

22. Responding to Paragraph 22, Defendant incorporates in prior responses as if restated verbatim herein.

23. Paragraph 23 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 23.

24. Paragraph 24 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 24.

25. Defendant denies Paragraph 25.

26. Defendant denies Paragraph 26.

27. Defendant denies Paragraph 27.

28. Defendant denies Paragraph 28.

29. Responding to Paragraph 29, Defendant incorporates in prior responses as if restated verbatim herein.

30. Paragraph 30 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 30.

31. Paragraph 31 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies Paragraph 31.

32. Defendant denies Paragraph 32.

33. Defendant denies Paragraph 33.

34. Defendant denies Paragraph 34.

35. Defendant denies Paragraph 35.

36. Defendant denies Paragraph 36.

37. Defendant denies Paragraph 37.

38. Responding to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

## FOR A SECOND DEFENSE

Plaintiff's Complaint fails to state a claim for relief against Defendant upon which relief may be granted and, therefore, should be dismissed.

## FOR A THIRD DEFENSE

Plaintiff's claims are barred by the Sovereign Immunity Doctrine.

## FOR A FOURTH DEFENSE

Plaintiff failed to mitigate her damages, if any exist and are proven at trial.

## FOR A FIFTH DEFENSE

Plaintiff's potential recovery must be offset by any interim and future earnings that Plaintiff has or will receive.

## FOR A SIXTH DEFENSE

Any claim for liquidated damages is barred by Defendant's good faith efforts to comply with all employment laws.

## FOR A SEVENTH DEFENSE

Plaintiff's damages, if any exist and are proven at trial, were proximately caused by Plaintiff's own acts or omissions, and not by the acts or omissions of Defendant.

## FOR AN EIGHTH DEFENSE

Plaintiff's claims fail because she was terminated for legitimate, non-discriminatory and non-retaliatory reasons.

### FOR A NINTH DEFENSE

Defendant asserts the affirmative defenses of after-acquired evidence doctrine, res judicata, collateral estoppel, and judicial estoppel as those defenses may be developed during the course of litigation.

### FOR A TENTH DEFENSE

Plaintiff's claims are precluded or limited because Plaintiff cannot show she suffered any prejudice as a result of any alleged violations by the Defendant.

### FOR AN ELEVENTH DEFENSE

To the extent Plaintiff is seeking damages for emotional pain and stress, her claim is barred as Plaintiff's exclusive remedy is the South Carolina Workers Compensation Act.

### FOR A TWELFTH DEFENSE

All actions taken against Plaintiff by Defendant were neither willful nor wanton, and were made without malice or reckless disregard for any protected rights, if any, and were consistent with business judgment and, thus, liquidated damages are not warranted.

### FOR A THIRTEENTH DEFENSE

Defendant reserves the right to supplement its affirmative defenses to include any applicable defense, both legal and factual.

WHEREFORE, having fully answered the Plaintiff's Amended Complaint, Defendant respectfully prays that this Court enter its judgment denying the Plaintiff any relief on her claims against Defendant, dismissing Plaintiff's claims against Defendant, awarding Defendant its costs in the defense of this action, and such other and further relief as the Court deems just and proper.

*[SIGNATURE ON FOLLOWING PAGE]*

Respectfully submitted,

By: s/ C. Frederick W. Manning II
C. Frederick W. Manning II (FID 7001)
fmanning@fisherphillips.com
Phillips L. McWilliams (FID 11992)
pmcwilliams@fisherphillips.com
FISHER & PHILLIPS LLP
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Telephone: (803) 255-0000
Facsimile: (803) 255-0202

*Attorneys for Defendant Corporate Solutions, LLC*

Columbia, South Carolina
December 7, 2018