IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Heidi Tolles | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:18-3227-TLW-PJG |
| | ) | |
| v. | ) | |
| | ) | **ANSWER** |
| Corporate Solutions, LLC, and University of South Carolina, | ) | **BY DEFENDANT UNIVERSITY OF SOUTH CAROLINA** |
| | ) | |
| Defendants. | ) | |

Defendant University of South Carolina ("Defendant" or "University") answers the Complaint as follows:

## FOR A FIRST DEFENSE

I. The Complaint fails to state a claim upon which relief may be granted.

## FOR A SECOND DEFENSE

II. Plaintiff's claims against the University are barred by the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity.

## FOR A THIRD DEFENSE

III. Plaintiff's claim for monetary relief is limited due to her failure to mitigate.

## FOR A FOURTH DEFENSE

IV. To the extent that Plaintiff's claims are time-barred under the applicable statutes of limitations and the doctrine of laches, they should be dismissed.

## FOR A FIFTH DEFENSE

V. The actions taken by the University were made for legitimate business reasons, in good faith, and without malice. The University acted at all times in accordance

with the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and all other state and federal laws.

## FOR A SIXTH DEFENSE

VI. Any claim for liquidated damages is barred because the University acted in good faith and in compliance with the FMLA and all other state and federal laws.

## FOR A SEVENTH DEFENSE

VII. Plaintiff's claims are barred under the doctrines of estoppel and waiver.

## FOR AN EIGHTH DEFENSE

VIII. To the extent that Plaintiff alleges injuries that arose out of and in the course and scope of her employment, any such injuries, if substantiated, would be barred pursuant to S.C. Code § 42-1-540.

## FOR A NINTH DEFENSE AND BY WAY OF ANSWER

IX. A. Each allegation of the Complaint not hereinafter expressly admitted is denied.

B. The University responds to the allegations of the Complaint by paragraph numbers corresponding to the respective paragraph numbers of the Complaint as follows:

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted.

4. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the University denies that any discriminatory employment

practice occurred or any other violation of state or federal law.

5.     This paragraph is a statement of jurisdiction requiring no response. To the extent a response is required, the University denies that any discriminatory employment practice occurred or any other violation of state or federal law.

6.     This paragraph is a statement of venue requiring no response. To the extent a response is required, the University denies that any discriminatory employment practice occurred or any other violation of state or federal law.

## FACTS

7.     The University incorporates its prior responses verbatim.

8.     The University admits only that Plaintiff was hired as a Program Manager in or about 2014. The University denies the remaining allegations in this paragraph.

9.     This is a statement of law requiring no response.

10.    The University lacks sufficient information to admit or deny.

11.    This is a statement of law requiring no response. To the extent a response is required, the University lacks sufficient information to admit or deny.

12.    This is a statement of law requiring no response.

13.    Denied.

14.    The University admits the allegations in this paragraph only to the extent that Plaintiff came to the office for parts of June 11, 2018, and June 12, 2018. The University denies the remaining allegations in this paragraph.

15.    Denied.

16.    Denied.

17.     This is a statement of law requiring no response. To the extent a response is required, the University denies the allegations.

18.     Denied.

19.     This is a statement of damages requiring no response. To the extent a response is required, the University denies the allegations.

20.     Denied.

21.     This is a statement of damages requiring no response. To the extent a response is required, the University denies the allegations.

### AS TO THE FIRST CAUSE OF ACTION
### (FMLA Interference)

22.     The University incorporates its prior responses verbatim.

23.     This is a statement of law requiring no response.

24.     This is a statement of law requiring no response.

25.     Denied.

26.     This is a statement of damages requiring no response. To the extent a response is required, the University denies the allegations.

27.     Denied.

28.     This is a statement of damages requiring no response. To the extent a response is required, the University denies the allegations.

### AS TO THE SECOND CAUSE OF ACTION OR
### CAUSE OF ACTION IN THE ALTERATIVE
### (FMLA Retaliation)

29.     The University incorporates its prior responses verbatim.

30. This is a statement of law requiring no response.

31. This is a statement of law requiring no response.

32. Denied.

33. Denied.

34. This is a statement of law requiring no response. To the extent a response is required, the University denies the allegations.

35. This is a statement of damages requiring no response. To the extent a response is required, the University denies the allegations.

36. Denied.

37. This is a statement of damages requiring no response. To the extent a response is required, the University denies the allegations.

C. The University denies Plaintiff's prayer for relief.

WHEREFORE, having fully answered the Complaint and having set forth various defenses, the University requests that this action be dismissed and that it be awarded its costs.

Respectfully submitted,

s/ R. Hayne Hodges III
R. Hayne Hodges III (FID # 9663)
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Phone: (803) 799-9311
Fax:  (803) 254-6951
hhodges@gsblaw.net

December 7, 2018
Columbia, South Carolina

Attorneys for Defendant University of South Carolina