IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Heidi Tolles,<br><br>Plaintiff,<br><br>vs.<br><br>Corporate Solutions, LLC, and University of South Carolina,<br><br>Defendants. | ) | Civil Action No. 3:18-cv-03227-TLW-PJG<br><br>**DEFENDANT CORPORATE SOLUTIONS LLC'S RESPONSES TO LOCAL RULE 26.03 INTERROGATORIES** |

Pursuant to Local Civil Rule 26.03, Defendant Corporate Solutions, LLC ("CSL" or "Defendant") Local Rule 26.03 disclosures are set forth below.

**1. A short statement of the facts of the case.**

Plaintiff alleges CSL and co-defendant the University of South Carolina ("USC") interfered with her ability to take leave under the Family Medical Leave Act ("FMLA"). Plaintiff further alleges her contract for employment was not renewed in retaliation for her taking FMLA leave. CSL and USC deny these allegations.[1]

**2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

- Heidi Tolles (Plaintiff)
  - Plaintiff is expected to testify as to her employment with Defendant, the allegations contained in her Complaint, her alleged damages, and any other subject relevant to this litigation or the defense of the same.

- Angie Brown*
  - Ms. Brown was the Director of Programs for CSL during the time period at issue in the Complaint. She is currently the Managing Director for Executive Development for CSL. She is expected to testify about Plaintiff's

[1] During the Rule 26(f) conference, the parties discussed Plaintiff's filing of a Charge with the Equal Employment Opportunity Commission alleging a violation of the Americans with Disabilities Act ("ADA"). CSL and USC deny any violation of the ADA occurred.



FPDOCS 34826295.1

job performance, Plaintiff's FMLA leave, Defendant's employment policies, procedures, and practices, and any other subject relevant to this litigation or the defense of the same.

- Dean Peter Brews*
  - Dean Brews is a Dean at the University of South Carolina. He is expected to testify about Plaintiff's job performance, Plaintiff's FMLA leave the decision not to renew Plaintiff's contract, Defendant's employment policies, procedures, and practices, and any other subject relevant to this litigation or the defense of the same.

- Pam Young*
  - Ms. Young is the Human Resources representative for the Darla Moore School of Business. She is expected to testify about Plaintiff's job performance, Plaintiff's FMLA leave the decision not to renew Plaintiff's contract, Defendant's employment policies, procedures, and practices, and any other subject relevant to this litigation or the defense of the same.

- Ray Smith*
  - Mr. Smith is the President of CSL. He is expected to testify about Plaintiff's job performance, Plaintiff's FMLA leave the decision not to renew Plaintiff's contract, Defendant's employment policies, procedures, and practices, and any other subject relevant to this litigation or the defense of the same.

- Dean Tim Carroll*
  - Dean Carroll was the President of CSL during the time period at issue in the Complaint. He is currently the Dean of the Eberhardt School of Business at the University of the Pacific. He is expected to testify about Plaintiff's job performance, Plaintiff's FMLA leave the decision not to renew Plaintiff's contract, Defendant's employment policies, procedures, and practices, and any other subject relevant to this litigation or the defense of the same.

- Scherilyn Lewis*
  - Scherily Lewis is the leave administrator for USC. She is expected to testify about Plaintiff's FMLA leave, Defendant's employment policies, procedures, and practices, and any other subject relevant to this litigation or the defense of the same.

- Any and all human resources personnel necessary to testify as to CSL's employment practices and Plaintiff's claims regarding employment decisions made by CSL.

- Any and all Rule 30(b)(6) witnesses identified by Plaintiff or Defendants.

- Any and all custodians of records necessary to identify and/or authenticate business records of CSL.
- Any and all witnesses identified by Plaintiff.

CSL reserves the right to amend and/or supplement this response, and incorporates by reference all witnesses identified in documents it produces during discovery. CSL also reserves the right to call any and all witnesses identified by Plaintiff.

* These witnesses are/were employed by CSL as managers and/or supervisors. CSL's identification of these witnesses does not constitute permission for Plaintiff, Plaintiff's attorney, or any other agent or representative of either Plaintiff or Plaintiff's attorney to contact such witnesses in an *ex parte* manner without first obtaining written consent from the undersigned counsel.

**3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

CSL has not named any expert witnesses at this time, but will do so, if necessary, at a later date in accordance with the Court's Scheduling Order.

**4. A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Below is a summary of defenses identified by CSL at this time:

- Plaintiff's Complaint must be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6).
- Plaintiff's claims are barred by the Sovereign Immunity Doctrine. U.S. Const. amend. XI; *Jackson v. Richland Cty. Penny Tax*, 2015 WL 751565, at *2 (D.S.C. Feb. 23, 2015).
- Plaintiff has failed to mitigate her damages. *Parker v. Shecut*, 340 S.C. 460, 531 S.E.2d 546 (Ct. App. 2000).
- Liquidated damages are not warranted in this case. *Thorson v. Gemini, Inc.*, 205 F.3d 370, 384 (8th Cir. 2000)

- Plaintiff's claims for physical or emotional injury are barred because Plaintiff's exclusive remedy is under the South Carolina Workers' Compensation Act. *See* S.C. Code § 42-1-540.

- CSL asserts the affirmative defenses of the after-acquired evidence doctrine, res judicata, collateral estoppel, and judicial estoppel, as these defenses may be developed during the course of this litigation.

- CSL reserves the right to assert any additional defenses as discovery and this action proceed.

**5. Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures. (b) Completion of discovery.**

The parties have agreed to waive Rule 26(a)(1) initial disclosures. Due to the fact that Plaintiff recently filed a Charge with the Equal Employment Opportunity Commission, the Parties have agreed to extend the deadlines in the Court's Scheduling Order by ninety (90) days as set for the in the Proposed Amended Scheduling Order attached to the Rule 26(f) Report.

**6. Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

Not applicable

**7. Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

Plaintiff has indicated she does not consent to a trial in front of a Magistrate Judge.

***[SOIGNATURE ON FOLLOWING PAGE]***

Respectfully submitted,

By: s/ C. Frederick W. Manning II
C. Frederick W. Manning II (FID 7001)
fmanning@fisherphillips.com
Phillips L. McWilliams (FID 11992)
pmcwilliams@fisherphillips.com
FISHER & PHILLIPS LLP
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Telephone: (803) 255-0000
Facsimile: (803) 255-0202

*Attorneys for Defendant Corporate Solutions, LLC*

Columbia, South Carolina
January 10, 2019