IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Heidi Tolles, | ) | |
| | ) | C.A. No. 3:18-3227-TLW-PJG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT UNIVERSITY OF SOUTH** |
| | ) | **CAROLINA'S ANSWERS TO LOCAL** |
| Corporate Solutions, LLC, and University of South Carolina, | ) | **CIVIL RULE 26.03 INTERROGATORIES** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant University of South Carolina ("University") responds to the Court's interrogatories, pursuant to Local Civil Rule 26.03 DSC, as follows:

**(1)     A short statement of the facts of the case.**

**RESPONSE**: Plaintiff held a temporary appointment to a Research Grant Position with the Daniel-Mickel Executive Education Center at the University. Although Defendants approved all of Plaintiff's requests for leave, Plaintiff now claims that Defendants somehow interfered with her ability to take leave under the Family and Medical Leave Act ("FMLA"). Plaintiff also alleges that Defendants retaliated against her for taking that leave. Defendants deny Plaintiff's allegations.

**(2)     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**RESPONSE**: The University identifies the following fact witnesses:

Plaintiff.

Angie Brown, Director of Programs for Executive Development, is familiar with the facts and circumstances related to this action. She is expected to testify about her knowledge of Plaintiff's employment and to deny the material allegations of Plaintiff's Complaint.

Raymond Smith, Associate Dean of Executive Development, is familiar with the facts and circumstances related to this action. He is expected to testify about his knowledge of Plaintiff's employment and to deny the material allegations of Plaintiff's Complaint.

Tim Carroll, former Associate Dean of Executive Development, is familiar with the facts and circumstances related to this action. He is expected to testify about his knowledge of Plaintiff's employment and to deny the material allegations of Plaintiff's Complaint.

Peter Brews, Dean of the Darla Moore School of Business, is familiar with the facts and circumstances related to this action. He is expected to testify about his knowledge of Plaintiff's employment and to deny the material allegations of Plaintiff's Complaint.

Pam Young, Director of Human Resources for the Darla Moore School of Business, is familiar with the facts and circumstances related to this action. She is expected to testify about her knowledge of Plaintiff's employment and the University's policies and procedures. She will deny the material allegations of Plaintiff's Complaint.

In addition to the above witnesses, the University reserves the right to identify additional witnesses as discovery proceeds and to call any witnesses identified by Defendant Corporate Solutions or by Plaintiff.

**(3)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE**: The University has not yet determined whether it will call an expert witness at the trial of this case. Should the University determine that it will call an expert witness, it will promptly supplement the discovery responses to provide information about the witness(es).

**(4)     A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**RESPONSE**:   Plaintiff's claims against the University are barred by sovereign immunity. *See Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 33 (2012); *Stewart v. North Carolina*, 393 F.3d 484, 488 (4th Cir. 2005). Moreover, there is no evidence that Defendants interfered with Plaintiff's FMLA rights or retaliated against her for exercising those rights. *See* 29 U.S.C. §§ 2601 *et seq.* and supporting caselaw.

**(5)     Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02.**

       **i.     Exchange of Fed.R.Civ.P. 26(a)(2) expert disclosures.**
       **ii.    Completion of discovery.**

**RESPONSE**: The parties agree that the Conference and Scheduling Order filed December 7, 2018, requires modification as set forth in the proposed Amended Scheduling Order that is being submitted to the Court.

**(6)     The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.**

**RESPONSE**: Plaintiff's counsel informed Defendants' counsel during the Rule 26 conference that Plaintiff filed a charge of discrimination ("Charge") alleging violations of the Americans with Disabilities Act ("ADA"), and that she intends to amend the Complaint to add ADA claims upon receipt of a right to sue notice. The time frames in the Scheduling Order could be impacted due to the delay resulting from the administrative processing of Plaintiff's ADA Charge.

**(7)    The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

**RESPONSE**:  Not applicable.

                                                Respectfully submitted,

                                                s/ R. Hayne Hodges
                                                R. Hayne Hodges, III (FID # 9663)
                                                GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
                                                900 Elmwood Avenue, Suite 100
                                                Columbia, South Carolina  29201
                                                Phone: (803) 799-9311
                                                Fax:  (803) 254-6951

January 10, 2019                                   hhodges@gsblaw.net

Columbia, South Carolina                   ATTORNEYS FOR DEFENDANT
                                                UNIVERSITY OF SOUTH CAROLINA