IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Heidi Tolles,<br><br>        Plaintiff,<br><br>vs.<br><br>Corporate Solutions, LLC, and University of South Carolina,<br>        Defendant. | Case No: 3:18-3227-TLW-PJG<br><br>**PLAINTIFF'S LOCAL RULE 26.03 ADDENDUM TO RULE 26(f) REPORT** |

In addition to the requirements set forth in Fed. R. Civ. P. 26(f) for a report to the Court, the parties shall include the following information in their Rule 26(f) report which shall be filed with the Court:

1. A short statement of the facts of the case.

    **ANSWER**: Defendants are Plaintiff's joint employers. Plaintiff was hired as a program manager in Executive Development in 2014 and, at all times relevant hereto, met the legitimate and reasonable expectations of defendants. Defendants are "covered employers" within the meaning of FMLA. While employed, Plaintiff began suffering from symptoms of rheumatoid arthritis. This serious condition required ongoing medical treatment and extended sick leave, protected by FMLA. During Plaintiff's FMLA leave, Defendants' agents made it difficult for her to take intermittent FMLA leave and displayed hostility towards her. Upon her return to work, Plaintiff was verbally accosted and warned that, under no circumstance, could she make a complaint to Human Resources if she had a problem. These acts were intended to deter her from taking the FLMA leave she was entitled and punish her for taking intermittent FMLA

1

leave. Defendants' purposefully interfered with Plaintiffs' FMLA leave and retaliated against her.

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**ANSWER** In addition to Plaintiff, who will testify regarding the claims and defenses asserted by the parties in this matter, and medical providers, Plaintiff expects to call Henry White and Jamar Mitchell regarding their employee relations involvement in the issues at issue in the Complaint, Angie Brown regarding the facts alleged in the Complaint and Plaintiff's performance, and Dean Peter Brews regarding his actions toward Plaintiff and the other allegations of the Complaint.

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER** None.

4. A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER** This case is based upon 29 U.S.C. § 2601, *et seq.* ("the Family and Medical Leave Act.)

5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

a. Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

**ANSWER:** Per the scheduling order.

b. Completion of discovery.

**ANSWER:** Per the scheduling order.

6. The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civil Rule 16.02(C) (Content of Scheduling Order).

    **ANSWER:**

7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

    **ANSWER**: None.

            **SARVIS LAW, LLC**

            By: **s/Bryn C. Sarvis**
                  Bryn C. Sarvis (10478)
                  3424 Augusta Highway
                  Gilbert, SC 29054
                  bsarvis@sarvislaw.com
                  (803) 785-5525

            *Attorney for Plaintiff*

January 10, 2019