IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Heidi Tolles, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 3:18-3227-TLW-PJG |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT UNIVERSITY** |
| Corporate Solutions, LLC; and University of | ) | **OF SOUTH CAROLINA'S ANSWER TO** |
| South Carolina, | ) | **THE AMENDED COMPLAINT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant University of South Carolina ("Defendant" or "University") answers the Amended Complaint as follows:

**FOR A FIRST DEFENSE**

I.      The Complaint fails to state a claim upon which relief may be granted.

**FOR A SECOND DEFENSE**

II.     Plaintiff's claims against the University are barred by the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity.

**FOR A THIRD DEFENSE**

III.    Plaintiff's claim for monetary relief is limited due to her failure to mitigate.

**FOR A FOURTH DEFENSE**

IV.     Any recovery awarded to Plaintiff must be offset by any interim and future earnings that Plaintiff has or will receive.

**FOR A FIFTH DEFENSE**

V.      Some or all of Plaintiff's claims are time-barred under the applicable statutes of limitations and the doctrine of laches. Plaintiff's claims that are outside of the

applicable statute of limitations should be dismissed.

## FOR A SIXTH DEFENSE

VI. To the extent Plaintiff is asserting claims outside the scope of her Charge of Discrimination, Plaintiff has failed to exhaust her administrative remedies and such claims should be dismissed.

## FOR A SEVENTH DEFENSE

VII. To the extent Plaintiff seeks relief for alleged discrete acts of discrimination and/or retaliation that occurred more than 300 days before she filed her Charge of Discrimination, her claims are procedurally barred and/or time-barred.

## FOR AN EIGHTH DEFENSE

VIII. The actions taken by the University were made for legitimate business reasons, in good faith, and without malice. The University acted at all times in accordance with all federal and state laws.

## FOR A NINTH DEFENSE

IX. Any claim for liquidated damages is barred because the University acted in good faith and in compliance with all employment laws.

## FOR A TENTH DEFENSE

X. Plaintiff's claims are barred under the doctrines of estoppel and waiver.

## FOR AN ELEVENTH DEFENSE

XI. To the extent that Plaintiff alleges injuries that arose out of and in the course and scope of her employment, any such injuries, if substantiated, would be barred pursuant to S.C. Code § 42-1-540.

## FOR A TWELFTH DEFENSE

XII. Any claim for punitive damages should be dismissed because they are not available against Defendant.

## FOR A THIRTEENTH DEFENSE

XIII. Defendant reserves the right to supplement its affirmative defenses to include any applicable defense, both legal and factual.

## FOR A FOURTEENTH DEFENSE AND BY WAY OF ANSWER

XIV.   A.   Each allegation of the Amended Complaint not hereinafter expressly admitted is denied.

   B.   The University responds to the allegations of the Amended Complaint by paragraph numbers corresponding to the respective paragraph numbers of the Amended Complaint as follows:

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted.

4. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the University denies that any discriminatory employment practice occurred or any other violation of state or federal law.

5. This paragraph is a statement of jurisdiction requiring no response. To the extent a response is required, the University denies that any discriminatory employment practice occurred or any other violation of state or federal law.

6. This paragraph is a statement of venue requiring no response. To the extent a

response is required, the University denies that any discriminatory employment practice occurred or any other violation of state or federal law.

## FACTS

7. The University incorporates its prior responses verbatim.

8. The University admits only that Plaintiff was hired as a Program Manager in or about 2014. The University denies the remaining allegations in this paragraph.

9. This is a statement of law requiring no response.

10. This is a statement of law requiring no response.

11. This is a statement of law requiring no response.

12. The University lacks sufficient information to admit or deny. To the extent a response is required, the University denies the allegations and demands strict proof thereof.

13. This states legal conclusions requiring no response. To the extent a response is required, the University denies the allegations and demands strict proof thereof.

14. The University admits only that Plaintiff took FMLA leave. The University denies the remaining allegations and demands strict proof thereof.

15. This states a legal conclusion requiring no response. To the extent a response is required, the University denies the allegations and demands strict proof thereof.

16. Denied.

17. Denied.

18. The University admits only that Plaintiff briefly returned to the office but denies the remaining allegations and demands strict proof thereof.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## AS TO THE FIRST CAUSE OF ACTION
## (FMLA Interference)

26. The University incorporates its prior responses verbatim.

27. This is a statement of law requiring no response.

28. This is a statement of law requiring no response.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## AS TO THE SECOND CAUSE OF ACTION
## (FMLA Retaliation)

33. The University incorporates its prior responses verbatim.

34. This is a statement of law requiring no response.

35. This is a statement of law requiring no response.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## AS TO THE THIRD CAUSE OF ACTION
### (ADA Disparate Treatment & Hostile Work Environment)

42. The University incorporates its prior responses verbatim.

43. This is a statement of law requiring no response.

44. This is a statement of law requiring no response.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## AS TO THE FIFTH CAUSE OF ACTION[1]
### (Rehabilitation Act Discrimination & Hostile Work Environment)

51. The University incorporates its prior responses verbatim.

52. This is a statement of law requiring no response.

53. This is a statement of law requiring no response.

54. Denied.

---

[1] The Amended Complaint goes from the Third Cause of Action to the Fifth Cause of action, and it does not include a Fourth Cause of Action. The University's Answer to the Amended Complaint will follow the same numbering used by the Amended Complaint.

6

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## AS TO THE SIXTH CAUSE OF ACTION
### (ADA Retaliation)

61. The University incorporates its prior responses verbatim.

62. This is a statement of law requiring no response.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## AS TO THE SEVENTH CAUSE OF ACTION
### (Rehabilitation Act Retaliation)

70. The University incorporates its prior responses verbatim.

71. This is a statement of law requiring no response.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

C. The University denies Plaintiff's prayer for relief contained in the Wherefore clause following paragraph 78.

WHEREFORE, having fully answered the Amended Complaint and having set forth various defenses, the University requests that this action be dismissed and that it be awarded its costs.

                                                Respectfully submitted,

s/ R. Hayne Hodges III
R. Hayne Hodges III (FID # 9663)
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
900 Elmwood Avenue, Suite 100
Columbia, South Carolina  29201
Phone: (803) 799-9311
Fax:  (803) 254-6951
hhodges@gsblaw.net

January 24, 2020
Columbia, South Carolina

Attorneys for Defendant University of South Carolina